FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-1490

_____

DERRICK C. SMITH,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____


On appeal from the Circuit Court for Santa Rosa County.
Clifton A. Drake, Judge.


October 1, 2025


PER CURIAM.

   Derrick Smith appeals the denial of his motion for postconviction relief. For the reasons discussed below, we vacate the denial of ground two and remand for further proceedings. We affirm on all other grounds without comment.

   Appellant moved for postconviction relief under Florida Rule of Criminal Procedure 3.850 and raised several claims of ineffective assistance of counsel. The postconviction court summarily denied ground two after finding Appellant's motion to be speculative. The section of the order summarily denying ground two did not include any portion of the record. Appellant argues the postconviction court erred in summarily denying Appellant's claim without a hearing.

A trial court may summarily deny a motion for postconviction relief that is timely and facially sufficient only if the claims it raises are "conclusively resolved either as a matter of law or by reliance upon the records in the case." Fla. R. Crim. P. 3.850(f)(5). We must accept Appellant's "factual allegations as true to the extent they are not refuted by the record." *Hurst v. State*, 18 So. 3d 975, 997 (Fla. 2009) (citing *Gonzalez v. State*, 990 So. 2d 1017, 1024 (Fla. 2008)). Appellant went beyond speculation by asserting specific factual allegations. We cannot say Appellant's factual allegations are conclusively refuted by the record when the postconviction court did not include portions of the record conclusively refuting ground two of Appellant's motion. *See, e.g.*, *Thomason v. State*, 389 So. 3d 782, 782 (Fla. 1st DCA 2024) ("Our obligation on appeal is to evaluate whether the postconviction court's order and attachments *conclusively* refute Thomason's claims. But neither the order nor the attachments directly confront the claims. Without attachments to address the claims, we cannot say that they are conclusively refuted."). We thus vacate the order to the extent it summarily denies the motion as to ground two.

AFFIRMED in part, VACATED in part, and REMANDED.

RAY, NORDBY, and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Susanne K. Sichta and Rick A. Sichta of The Sichta Firm, LLC, Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Kristie Regan, Assistant Attorney General, for Appellee.